IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02244-PSF-MJW

GREG R. THOME;
G T REED AND ASSOCIATES, LLC;
JAMES E. MEINE;
SCOTT A. MOSER;
WILLIAM F. MEINE;
GLNA, LLC;
GENE F. LANG & CO.;
THOM WHEATLEY;
PURE SOURCE ENERGY, LLC; and
WHEATLEY OIL COMPANY,

    Plaintiffs,

v.

LAYNE ENERGY SYCAMORE, LLC; and
SHAWNEE OIL & GAS, L.L.C.,

    Defendants.

## ORDER FOR SUPPLEMENTAL JURISDICTIONAL INFORMATION

This matter comes before this Court *sua sponte* upon review of the case file.

Plaintiffs filed a Complaint on November 4, 2005 (Dkt. # 1), alleging breach of contract and seeking other equitable relief in relation to certain oil and gas leasehold rights. Plaintiffs base jurisdiction on 28 U.S.C. § 1332, diversity of citizenship. According to the Complaint, all plaintiffs are residents of either Colorado, Texas, Washington, Maryland, Virginia, Missouri, or Montana, and all defendants are residents of Kansas or Delaware. Compl. at 2-3.

Plaintiffs correctly attempted to note the citizenship of the defendants. However, plaintiffs failed to fully establish the citizenship of Layne Energy Productions, LLC, the sole member of Defendant Layne Energy Sycamore, LLC. *See* Compl. at ¶ 11. Limited liability companies such as the Layne entities are treated as unincorporated associations for diversity purposes. *See, e.g.*, *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Tilzer v. Davis, Bethune & Jones, LLC and Davis*, 2004 WL 825289 *1-2 (D. Kan. Apr. 15, 2004) (construing how the Tenth Circuit would hold). The citizenship of an LLC includes those states of citizenship of its members' members. *See Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002) (noting that "citizenship of unincorporated associations must be traced through however many layers of partners or members there may be") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).

Although the Complaint notes at ¶ 14 that "the parties agreed that federal courts located in Colorado would have sole and exclusive jurisdiction over any disputes that arise out of the" Development Agreement at issue, the parties cannot by agreement confer subject matter jurisdiction upon this Court where it is otherwise lacking. *See, e.g.*, *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590, 593 (10th Cir. 1996).

The citizenship of Layne Energy Production LLC–namely, the citizenship of each member of that sole member of the defendant LLC–is not sufficiently evident from the face of the Complaint. Accordingly, it is ORDERED that plaintiffs (possibly with the

assistance of defendants) supply this supplemental jurisdictional information to the Court within ten days.

DATED: November 9, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge